# U.S. District Court
## North Carolina Middle District (NCMD)
## CRIMINAL DOCKET FOR CASE #: <u>1:21–mj–00061–JLW</u> All Defendants
### *Internal Use Only*

Case title: USA v. STEELE                               Date Filed: 02/17/2021

Other court case number: 1:21MJ225 DISTRICT OF
                                        COLUMBIA

Assigned to: MAG/JUDGE JOE
L. WEBSTER

**<u>Defendant (1)</u>**

**LAURA STEELE**                    represented by    **JOHN D. BRYSON**
                                                      WYATT EARLY HARRIS & WHEELER, L.L.P.
                                                      POD 2086
                                                      HIGH POINT, NC 27261–2086
                                                      336–884–4444
                                                      Fax: 336–884–1102
                                                      Email: <u>jbryson@wehwlaw.com</u>
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **MARK EVERETTE EDWARDS**
                                                      EDWARDS & TRENKLE, PLLC
                                                      POB 51295
                                                      DURHAM, NC 27717
                                                      919–688–9555
                                                      Fax: 919–683–5650
                                                      Email: <u>medwardslaw@hotmail.com</u>
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: CJA Appointment*

**<u>Pending Counts</u>**                             **<u>Disposition</u>**

None

**<u>Highest Offense Level
(Opening)</u>**

None

**<u>Terminated Counts</u>**                          **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**

**(Terminated)**

None

**Complaints**                                                    **Disposition**

Rule 5 Arrest

_____

**Plaintiff**

**USA**                                    represented by    **GRAHAM TOD GREEN**
                                                            U. S. ATTORNEY'S OFFICE
                                                            251 N. MAIN ST., STE. 726
                                                            WINSTON–SALEM, NC 27101
                                                            336–631–5268 x3003
                                                            Fax: 336–631–5049
                                                            Email: graham.green@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **TANNER L. KROEGER**
                                                            U. S. ATTORNEY'S OFFICE – MDNC
                                                            101 S. EDGEWORTH ST., 4TH FLOOR
                                                            GREENSBORO, NC 27401
                                                            336–333–5351
                                                            Email: tanner.kroeger@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: United States Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/17/2021 | | | Arrest (Rule 5) of LAURA STEELE. (Kemp, Donita) (Entered: 02/17/2021) |
| 02/17/2021 | | | Minute Entry for proceedings held before MAG/JUDGE JOE L. WEBSTER in Durham: INITIAL APPEARANCE IN RULE 5 PROCEEDINGS as to LAURA STEELE held on 2/17/2021. Defendant advised of rights and charges. Defendant, through counsel, has requested that her detention hearing be held in the Middle District of North Carolina. (AUSA Tanner Kroeger; Counsel for defendant Mark Edwards; Proceedings Recorded) (Kemp, Donita) (Entered: 02/17/2021) |
| 02/17/2021 | | | Oral Motion for Detention by USA as to LAURA STEELE. (Kemp, Donita) (Entered: 02/17/2021) |
| 02/17/2021 | 1 | | SEALED FINANCIAL AFFIDAVIT by LAURA STEELE. (Kemp, Donita) (Entered: 02/17/2021) |
| 02/17/2021 | 2 | 4 | ORDER appointing CJA Panel Attorney MARK EVERETTE EDWARDS for LAURA STEELE. Signed by MAG/JUDGE JOE L. WEBSTER on 2/17/2021. (Kemp, Donita) (Entered: 02/17/2021) |
| 02/17/2021 | 3 | 5 | |

| | | | |
|---|---|---|---|
| | | | WAIVER of Rule 5 & 5.1 Hearings by LAURA STEELE. (Kemp, Donita) (Entered: 02/17/2021) |
| 02/17/2021 | 4 | 6 | **ORDER SCHEDULING DETENTION/PRELIMINARY HEARING** as to LAURA STEELE. Detention/Preliminary Hearing set for 2/23/2021 10:00 AM in Durham Courtroom #1 before MAG/JUDGE JOE L. WEBSTER. Signed by MAG/JUDGE JOE L. WEBSTER on 2/17/2021. (Kemp, Donita) (Entered: 02/17/2021) |
| 02/18/2021 | 5 | 7 | NOTICE of Attorney Appearance by attorney JOHN D. BRYSON on behalf of LAURA STEELE (BRYSON, JOHN) (Entered: 02/18/2021) |
| 02/19/2021 | 6 | 9 | MOTION to Withdraw as Attorney by Mark E. Edwards by LAURA STEELE. Responses due by 3/12/2021 (Attachments: # 1 Text of Proposed Order)(EDWARDS, MARK) (Entered: 02/19/2021) |
| 02/22/2021 | 7 | | SEALED Pretrial Service Report. (Bratt–Boylan, Meredith) (Entered: 02/22/2021) |
| 02/23/2021 | 8 | 12 | Minute Entry for proceedings held before MAG/JUDGE JOE L. WEBSTER in Durham: PRELIMINARY HEARING not held in light of the Indictment filed in the District of Columbia; DETENTION HEARING as to LAURA STEELE held on 2/23/2021 (see Exhibit/Witness List). Parties advised that this matter is taken under advisement. (AUSA Graham Green; Counsel for defendant John Bryson; Proceedings Recorded) (Kemp, Donita) (Entered: 02/23/2021) |
| 02/26/2021 | 9 | 13 | NOTICE OF ATTORNEY APPEARANCE GRAHAM TOD GREEN appearing for USA. (GREEN, GRAHAM) (Entered: 02/26/2021) |
| 02/26/2021 | 10 | 16 | **ORDER** signed by MAG/JUDGE JOE L. WEBSTER on 2/26/2021. The motion for detention by the United States is GRANTED and Defendant shall be detained pending disposition of the instant charges under 18 U.S.C. § 3142(e)(1) as to LAURA STEELE (1). (Daniel, J) (Entered: 02/26/2021) |
| 02/26/2021 | 11 | 25 | COMMITMENT TO ANOTHER DISTRICT signed by MAG/JUDGE JOE L. WEBSTER on 2/26/2021. Defendant committed to the DISTRICT OF COLUMBIA as to LAURA STEELE. (Daniel, J) (Entered: 02/26/2021) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      )
                                )
     v.                       )    1:21MJ61-1
                                )
LAURA STEELE                )

**FILED**
in the Middle District of
North Carolina

**February 17, 2021**
**2:04 pm**

Clerk, US District Court
By: _____ dmk

## ORDER

      This matter comes before the Court for the appointment of counsel to represent Defendant in this matter. The Court has reviewed Defendant's Financial Affidavit, and concludes that Defendant is financially unable to employ counsel, does not wish to waive counsel, and that the interest of justice require appointment of counsel at the Government's expense.

      **IT IS THEREFORE ORDERED** that CJA Panel Attorney Mark Edwards is appointed to represent Defendant in this action.

      This, the 17th day of February, 2021.

                                       _____
                                        Joe L. Webster
                              United States Magistrate Judge

# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

**FILED**
in the Middle District of
North Carolina

February 17, 2021
1:00 pm

Clerk, US District Court
By: _____ dmk

|  |  |  |  |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | Case No. | 1:21MJ61-1 |
| | ) | | |
| LAURA STEELE | ) | | |
| | ) | Charging District's Case No. | 21MJ225 |
| *Defendant* | ) | | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*     DISTRICT OF

COLUMBIA    .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☑     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
     ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:     02/17/2021

                                       *Defendant's signature*

                                       *Signature of defendant's attorney*

                                    Mark Edwards

                                   *Printed name of defendant's attorney*

# UNITED STATES DISTRICT COURT

### for the

## MIDDLE DISTRICT OF NORTH CAROLINA

**FILED**
in the Middle District of
North Carolina

**February 17, 2021**
**12:59 pm**

Clerk, US District Court
By: _____ dmk

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.        1:21MJ61-1 |
| | ) | |
| LAURA STEELE | ) | |
| *Defendant* | ) | |

### ORDER SCHEDULING A DETENTION HEARING/PRELIMINARY HEARING

A detention hearing/preliminary hearing in this case is scheduled before Magistrate Judge Joe L. Webster as follows:

| | | | |
|---|---|---|---|
| Place: | U.S. District Court<br>323 E. Chapel Hill Street<br>Durham, NC | Courtroom No.: | Second Floor |
| | | Date and Time: | Tuesday, February 23, 2021 at<br>10:00 a.m. |

**IT IS ORDERED:** Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date: _____ Feb. 17, 2021 _____

_____
*Judge's signature*

Joe L. Webster, United States Magistrate Judge
_____
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:21 MJ 61-1 |
| | : | |
| LAURA STEELE | : | |
| | : | |

## **NOTICE OF APPEARANCE**

NOW COMES the undersigned, John D. Bryson, who gives notice that he is appearing in the above-captioned matter for Defendant Laura Steele, and will represent Defendant in all future proceedings in the Middle District of North Carolina.

This the 18th day of February 2021.

Respectfully submitted,

/s/John D. Bryson_____
John D. Bryson (N.C.S.B. No. 12883)
Counsel for Defendant
1912 Eastchester Dr., Ste. 400
High Point, NC 27265
Telephone: (336) 819-6016
Facsimile: (336) 819-6076
jbryson@wehwlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 18th day of February 2021, he served true and correct copies of the foregoing document upon counsel of record below by using the ECF Electronic filing system:

Graham T. Green
Assistant United States Attorney
graham.green@usdoj.gov

/s/John D. Bryson
John D. Bryson (N.C.S.B. No. 12883)
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      )
                              )
            v.                )      No. 1:21-MJ-61
                              )
LAURA STEELE                  )

---

## MOTION TO WITHDRAW

Undersigned counsel hereby requests that this Honorable Court enter its

Order allowing him to withdraw as counsel in this matter.

As grounds for this motion, counsel alleges:

1.  That I was appointed to represent Ms. Steele.

2.  That Ms. Steele has retained the services of attorney John Bryson. Mr.

Bryson filed his notice of appearance yesterday.

Respectfully submitted this the 19th day of February 2021.

/s/ Mark E. Edwards
Attorney for Defendant
P.O. Box 51295
Durham, N.C. 27717
(919) 688-9555 Fax 683-5650
NC Bar 16995
Medwardslaw@hotmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this the 19th day of February 2021, I electronically filed the foregoing with the Clerk of the Court using the ECM/ECF system which will send notification of such filing to Assistance United States Attorney Tanner L. Kroeger.

/s/ Mark E. Edwards

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA    )
    )
           v.    )    No. 1:21-MJ-61
    )
LAURA STEELE    )

**ORDER ON MOTION TO WITHDRAW**

This cause having come before the Court on Attorney Mark E. Edwards'

Motion to Withdraw as court appointed counsel in this matter, and the Court

being advised that Ms. Steele has retained private counsel, the Court hereby

grants the motion to withdraw and relieves Mr. Edwards from further responsibility

in this case.

Done and Ordered this the ___ day of February 2021.

_____
Judge Presiding

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF NORTH CAROLINA

United States of America
Plaintiff(s)

v.

LAURA STEELE
Defendant(s)

**EXHIBIT AND WITNESS LIST**

Case Number: 1:21-mj-00061-JLW-1

| Presiding Judge | | | Plaintiff's Attorney | | Defendant's Attorney | |
|---|---|---|---|---|---|---|
| Judge Webster | | | Graham Green, AUSA | | John Bryson | |
| **Hearing Date:** | | | **Court Reporter** | | **Courtroom Deputy** | |
| 2/23/2021 | | | Proceedings Recorded | | Donita M. Kemp | |
| **PLF. NO.** | **DEF. NO.** | **DATE OFFERED** | **MARKED** | **ADMITTED** | **DESCRIPTION OF EXHIBITS AND WITNESSES** | |
| X | | 2/23/2021 | | | Task Force Officer, Max Wooten (witness) | |
| | X | 2/23/2021 | | | Kenneth Steele (witness) | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Case 1:21-mj-00061-JLW Document 13 Filed 02/23/21 Page 12 of 25

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA   :
            :
     v.        :   1:21MJ61-1
            :
LAURA STEELE       :

## NOTICE OF APPEARANCE

NOW COMES the United States of America by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, gives Notice of Appearance of Counsel in the above-captioned case and states to the Court the following:

Graham T. Green is entering as entering as counsel in the case <u>United States v. Laura Steele</u>, 1:21MJ61. He is also to be served with any electronic or manual filings in this case.

This the 26th day of February, 2021.

Respectfully submitted,

MATTHEW G.T. MARTIN
United States Attorney


/S/ GRAHAM T. GREEN
Assistant United States Attorney
NCSB #22082
United States Attorney's Office
Middle District of North Carolina
251 N. Main Street
Winston-Salem, NC   27101
Phone:   336/333-5351

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2021, the foregoing was electronically

filed with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following:

John D. Bryson, Esquire

                                     Respectfully submitted,

                                     /S/ GRAHAM T. GREEN
                                     Assistant United States Attorney
                                     NCSB #22082
                                     United States Attorney's Office
                                     Middle District of North Carolina
                                     251 N. Main Street
                                     Winston-Salem, NC   27101
                                     Phone:   336/333-5351

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:21MJ61-1 |
| | ) | |
| | ) | |
| LAURA STEELE | ) | |

# ORDER

This case came before the Court on February 23, 2021, on a motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f). At the end of the hearing, the undersigned United States Magistrate Judge took the matter under advisement. After further reviewing the evidence presented, the undersigned concludes that Defendant Laura Steele ("Defendant") should be detained pending disposition of this case because clear and convincing evidence established that no available release conditions would reasonably assure the safety of the community. The Court now enters this written order memorializing that determination as required by 18 U.S.C. § 3142(i)(1).

## I. BACKGROUND

On February 11, 2021, the United States District Court for the District of Columbia issued a Criminal Complaint charging Defendant with aiding and abetting in violation of 18 U.S.C. § 2, conspiracy in violation of 18 U.S.C. § 371, destruction of government property in violation of 18 U.S.C. § 1361, obstruction of an official proceeding in violation of 18. U.S.C.

§ 1512(c)(2), and accessing a restricted building or grounds in violation of 18 U.S.C. §§ 1752(a)(1) and (2) based on the sworn affidavit of a law enforcement officer.[1]

At her initial appearance on February 17, 2021, the Court advised Defendant of her rights, and with the advice of counsel, she submitted a Waiver of Rule 5 and 5.1 Hearings waiving her right to an identity hearing and production of the warrant and a preliminary hearing in the Middle District of North Carolina. (*See* Docket Entry 3.) However, Defendant requested that a detention hearing be conducted in this district. The Court advised Defendant of the scheduling of that proceeding for February 23, 2021. (*See* Docket Entry 4.) On February 19, 2021, a superseding indictment was issued charging Defendant with the same offenses listed in the Criminal Complaint.[2] The case thereafter came before the Court on February 23, 2021, on a motion for detention by the United States.

In advance of the detention hearing, a United States Probation Officer assigned to the Pretrial Services Unit prepared a report regarding Defendant's history, residence, family ties, employment history, financial resources, and health. Both Parties had an opportunity to review that report before the hearing. At the hearing, Defendant stipulated to the accuracy of the report, except that she objected to the report insofar as it characterized her as a member of the Oath Keepers, a militia organization, and provided a correction to her employment status as described in the Employment History section.[3]

---

[1] The case number in the District of Columbia associated with the Criminal Complaint is 1:21-mj-225. The Criminal Complaint also lists others as co-defendants.

[2] The case number in the District of Columbia associated with the superseding indictment is 1:21-cr-28-APM. The indictment also lists others as co-defendants.

[3] Defendant is currently on leave from her job but has not yet been terminated.

2

At the hearing, Defendant was "afforded an opportunity to testify, to present witnesses, to cross examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). The United States called (and, through her counsel, Defendant cross-examined) FBI Task Force Officer Agent Max Wooten who investigated this matter and reviewed reports related to the case. Defendant offered the testimony of her husband, Kenneth Steele, and proffered Mr. Steele as a proposed third-party custodian.

## II. DISCUSSION

In considering the question of release or detention pending trial, the Court considers the following statutorily-prescribed factors:

(1) the nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the [defendant];

(3) the history and characteristics of the [defendant] . . .; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).

Based on the record before it, the Court makes the following findings of fact and/or conclusions of law. First, with respect to the nature of the offenses charged against Defendant, the Court notes that the charges are serious. Secondly, the weight of the evidence against Defendant is strong as to the charged offenses in that the Government presented the testimony of Officer Wooten who testified about the events leading up to the indictment.

By way of background, Officer Wooten testified that on January 6, 2021, a joint session of the United States Congress convened to certify the electoral college votes from the 2020

presidential election. Earlier that morning, a group of supporters of the former president gathered for a rally several blocks from the United States Capitol building. As the day progressed, the group moved toward the Capitol building. The group breached the Capitol building at or around 2:00 pm, committing acts of violence against law enforcement officers that ultimately resulted in the death of one law enforcement officer and one protester.

Officer Wooten explained that the FBI determined that Defendant traveled with Graydon Young, her brother and codefendant, to the Washington, D.C. area on January 5, 2021. Officer Wooten testified that on or about January 3, 2021, Defendant submitted an application to the Florida chapter of the Oath Keepers via email requesting expedited approval and identifying herself as a former police officer and current security guard. Office Wooten described the Oath Keepers as a large but loosely organized militia-style organization that primarily recruits former law enforcement members.

Officer Wooten testified that Mr. Young flew to the Greensboro, North Carolina area prior to January 6, 2021. He testified that Defendant and her brother drove to Washington, D.C. together in a gray minivan belonging to their mother and stayed in a hotel with other co-defendants. Officer Wooten stated that the FBI determined that Defendant and her brother were present at the political rally on the morning and early afternoon of January 6, 2021 and took photographs of themselves at the event.

Officer Wooten further testified that the members of the group that Defendant attended the rally with donned tactical gear associated with the Oath Keepers, including camouflage helmets and military vests. The group that included Defendant and her co-defendants moved from the rally to the Capitol building. At some point, Defendant and her

4

co-defendants joined together in a "stack" formation. The "stack" made its way through a large crowd and up the steps of the Capitol building. The group entered the building and proceeded to the rotunda. Multiple photographs were taken of the group while inside the rotunda.

Through his investigation, Officer Wooten also received copies of text messages relating to Defendant. At around 3:45 pm on January 6, 2021, Defendant's husband, Kenneth Steele, sent a message to a group including Defendant asking, "Are you safe? You didn't storm the Capitol, did you?" About an hour later, Defendant responded, "We are on the Metro now."

According to Officer Wooten, Defendant and her brother returned to North Carolina in the same gray minivan. Upon interviewing Defendant's family members, investigating officers learned that on January 7, 2021, Defendant and her brother described to the family what had occurred on January 6, 2021 in Washington, D.C. Investigating officers also learned from Defendant's family members that in the days following the unrest at the Capitol, Defendant deleted several of her Facebook posts expressing her political views. Officer Wooten testified that Mr. Young stayed with Defendant's family until January 8, 2021 and then returned home to Florida in his mother's minivan.

On cross examination, Officer Wooten testified that he did not have any evidence confirming that Defendant's application to the Oath Keepers had ever been accepted or approved. He acknowledged that neither Defendant nor Mr. Young were wearing Oath Keeper paraphernalia in a photograph taken of them riding the Metro on January 6, 2021. Officer Wooden stated that Defendant's application to the Oath Keepers indicated that she

5

had been recruited by her brother. He further stated that he was not aware of any evidence suggesting that Defendant had assaulted or threatened to assault anyone on January 6, 2021. He also noted that Defendant was not wearing a helmet when she ascended the steps of the Capitol building, that he was not aware of Defendant having caused physical damage inside the Capitol building, and that he had no information as to whether Defendant and her co-defendants were armed that day.

On reexamination, Officer Wooten testified that Defendant resides with her husband, two sons, her sons' significant others, and her mother. He stated that the FBI had interviewed Defendant's family members and that those family members had provided factual information about Defendant, their conversations with her, and her activities related to the charges against her. Officer Wooten also stated that Defendant's husband is a retired police officer, and her son is currently employed as a police officer.

Defendant then offered the testimony of her husband and proposed third-party custodian Kenneth Steele. Mr. Steele resides in Thomasville, North Carolina and has been married to Defendant for twenty-seven years. The couple has two children together. Mr. Steele is now retired but formerly served as the assistant chief of the High Point Police Department and was employed by that police department for thirty years.

On cross examination Mr. Steele stated that he became aware of Defendant's interest in the Oath Keepers approximately two days before she departed for Washington, D.C. Mr. Steele has known Mr. Young since he and Defendant got married and knew that Mr. Young was a member of the Oath Keepers. Mr. Steele was aware of the siblings' plan to go to Washington, D.C. for a political rally, but did not know where they were going to be staying.

Case 1:21-mj-00061-JLW Document 120 Filed 02/26/21 Page 21 of 25

He indicated that he does not regularly speak with Mr. Young and that Mr. Young is "not his favorite person."

Mr. Steele stated that he heard about the events occurring at the Capitol on January 6, 2021 on his car radio. He stated that he sent Defendant a text message to confirm that she was safe and inquiring whether she had been involved in storming the Capitol.[4] Mr. Steele stated that on January 7, 2021, Defendant related to the family that she had been outside the Capitol building on January 6, 2021 and that she had entered the rotunda of the building before coming home. He stated that Mr. Young returned to Florida in his mother's minivan. When asked by the Government, Mr. Steele affirmed that he was aware that Defendant had deleted Facebook content associated with these events or her beliefs about them the week after she returned from Washington, D.C.

As for the history and characteristics of Defendant, the Court notes that Defendant does not have a criminal record and has been steadily employed. However, after review of the information presented and based upon the nature of the pending charges, the Court concludes that the record establishes by clear and convincing evidence that no combination of available release conditions would reasonably assure the safety of the community. While the Court notes that Defendant poses a minimal risk of flight, the nature of the alleged crime poses a serious and significant threat to the community and the nation at large. Defendant is alleged to have conspired with a group of individuals to disrupt the operations of the United States Government. According to the indictment, the breach of the Capitol on January 6,

---

[4] Mr. Steele initially stated that he had sent the text message only to Defendant, but upon viewing a screenshot of the conversation, Mr. Steele acknowledged that the message had been sent to a group, though he had not been aware of this at the time.

7

2021 necessitated the evacuation of members of the House and Senate from their respective chambers. Congress was not able to reconvene to complete the electoral college vote until 8:00 pm that evening. This disruption resulted in the assault of more than one hundred law enforcement officers defending the Capitol, millions of dollars of damage to the Capitol building, and ultimately, the death of multiple individuals. While the evidence at the hearing suggests that Defendant engaged in less physical violence than others participating in the events of that day, Defendant's breach of the Capitol building on January 6, 2021 is a far cry from the actions of one who is exercising her First Amendment right to peacefully assemble.

Notwithstanding defense counsel's arguments that Defendant is not an approved member of the Oath Keepers, her application to the group indicates an intent to join the organization. Moreover, the Court is not persuaded by defense counsel's argument that the seriousness of Defendant's conduct is mitigated by the fact that the sitting president called his supporters to the Capitol, thereby encouraging the actions of Defendant and her co-defendants.

Furthermore, the proposed third-party custodian is not suitable under the circumstances. Mr. Steele, and the other members of Defendant's household, possess significant information regarding the events leading up to and following Defendant's alleged criminal conduct and are therefore potential witnesses in this matter. *See, e.g., United States v. Christian*, No. 5:12-CR-353-FL-4, 2012 WL 6054004, at *1 (E.D.N.C. Dec. 5, 2012) (finding the defendant's mother an unsuitable third-party custodian because of her status as a potential witness in the case). Defendant's release plan, to include the proposed third-party custodian, does not alleviate the risk of danger to the community posed by the seriousness of her alleged

crimes.  Ultimately, Defendant has not rebutted the presumption of detention in this case, a presumption established by the nature of the charges pending against her.  *See* 18 U.S.C. § 3142(e)(3).[5]  The government's motion for detention will therefore be granted and Defendant will be detained pending further proceedings in this matter.

## III.  CONCLUSION

**IT IS THEREFORE ORDERED** that the motion for detention by the United States is **GRANTED** and Defendant shall be detained pending disposition of the instant charges under 18 U.S.C. § 3142(e)(1).  Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a United States court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.  The undersigned will issue an order requiring the United States marshal to transport Defendant to the District of Columbia.

_____
Joe L. Webster
United States Magistrate Judge

February 26, 2021
Durham, North Carolina

---

[5] 18 U.S.C. §§ 1361, 2 (Destruction of Government Property and Aiding and Abetting)

9

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 21MJ61-1 |
| LAURA STEELE | ) |
| _____ | ) Charging District's |
| *Defendant* | ) Case No. 21MJ225 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of Columbia ,

*(if applicable)* _____ division. The defendant may need an interpreter for this language:

_____ .

The defendant: ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:   02/26/2021

_____
*Judge's signature*

_____
Joe L. Webster, United States Magistrate Judge
*Printed name and title*